NUMBER
13-10-00521-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

CYNTHIA VARELA,                                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                  Appellee.


____________________________________________________________

 

                             On
Appeal from the 103rd District Court 

                                       of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

              Before Chief Justice Valdez and Justices Rodriguez and Vela

Memorandum Opinion
Per Curiam

 

Appellant,
Cynthia Varela, attempted to perfect an appeal from a conviction for injury to
an elderly individual.  We dismiss the appeal for want of jurisdiction.








Sentence
in this matter was imposed on April 8, 2010, no motion for new trial was filed,
and notice of appeal was filed on September 22, 2010.  On September 30, 2010,
the Clerk of this Court notified appellant that it appeared that the appeal was
not timely perfected.  Appellant was advised that the appeal would be dismissed
if the defect was not corrected within ten days from the date of receipt of the
Court=s directive.  On October 12, 2010,
counsel filed a motion to extend time to file notice of appeal stating that he
e-filed a notice of appeal and motion to withdraw to Cameron County, but was
unaware that Cameron County did not accept e-filings for criminal cases and
they were rejected.  

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days
after the deadline for filing the notice, the party files the notice of appeal
and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate
Procedure.  See id. 26.3.  Neither appellant’s notice of appeal, nor her
motion for extension of time was filed within the 15-day time period.  








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
obtain jurisdiction to address the merits of the appeal in a criminal case and
can take no action other than to dismiss the appeal for want of jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Appellant may be
entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The
appeal is DISMISSED FOR WANT OF JURISDICTION.  All pending motions are likewise DISMISSED FOR
WANT OF JURISDICTION.   

                                                

                                                                                                PER
CURIAM

Do not publish.

See Tex. R. App. P.
47.2(b).

Delivered and filed the 

18th day of November, 2010.